**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis MELENDEZ,<br><br>           Petitioner,<br><br>    v.<br><br>Warden Greg FIZER,<br><br>           Respondent.<br>_____ | No. CV 05-891-PHX-SMM (VAM)<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Petitioner Louis Melendez's ("Petitioner") Motion for Relief from Judgment. [Doc. No. 25]

## I. BACKGROUND

<u>A. Factual Background</u>

The facts relevant to the pending motions are summarized as follows. Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 23, 2005. Petitioner is serving a life sentence with parole eligibility for first degree murder concurrently with a twelve-year sentence for child abuse. Petitioner previously sought post-conviction relief in state court pursuant to Rule 32.1 of the Arizona Rules of Criminal Procedure, alleging ineffective assistance of both trial and appellate counsel. The trial court denied both issues on the merits and the Arizona Court of Appeals denied the petition for review without comment.

//

//

//

B. Procedural History

On December 30, 2005, Magistrate Judge Virginia A. Mathis filed a Report and Recommendation (the "December 30th R & R") advising this Court that Petitioner's Petition should be denied and dismissed for failure to prosecute. [Doc. No. 13] Petitioner filed Objections on January 25, 2006. [Doc. No. 17] On February 22, 2006, this Court declined to adopt Judge Mathis' Report and Recommendation because Petitioner had made affirmative efforts to pursue his case following the Report and Recommendation. [Doc. No. 18] This Court referred the Petition back to Judge Mathis for a Report and Recommendation on the merits of the Petition. Judge Mathis filed her subsequent Report and Recommendation on March 29, 2006, which recommended denying the habeas corpus petition because Petitioner had failed to properly exhaust his state court remedies pursuant to *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999). Having reviewed Judge Mathis' legal conclusions and having received no objections by Petitioner thereto, this Court adopted the March 29, 2006 Report and Recommendation in an Order dated May, 12, 2006 [Doc. No. 20] and the Clerk of Court entered judgment in this matter on May 15, 2006 [Doc. No. 21]. Petitioner now seeks relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

**II. STANDARD OF REVIEW**

Rule 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(1)-(b)(6). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *School District No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993).

A Rule 60(b) motion must be brought within a "reasonable" time, which cannot be more than one year if the motion is based on mistake, newly-discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b).

**III. DISCUSSION**

Petitioner cites clerical mistake and attorney negligence as grounds for his Motion for Relief from Judgment.

A. Mistake

According to Petitioner, the District Court Clerk did not send him copies of the Report and Recommendation issued on March 29, 2006 (the "March 29th R & R"), or the Memorandum of Decision and Order issued on May 12, 2006 (the "May 12th Order"). Based on a review of the Court's records, Petitioner was mailed a copy of the March 29th R & R and it was not returned as undeliverable. However, the copy of the May 12th Order that was sent to Petitioner on May 15, 2006, was returned as undeliverable because the forwarding time had expired. Petitioner did not inform the Court of a change in address until January 29, 2007.

The Court finds that there has been no clear error to warrant relief from judgment pursuant to Rule 60(b). Petitioner's claim that he did not receive a copy of the March 29th R & R lacks merit. The Court's docket reveals that Petitioner was mailed a copy of the March 29th R & R and the mail was not returned as undeliverable. Moreover, the Court finds that any communication breakdown was most likely due to Petitioner's failure to file timely notices with the Court for any change of address. Petitioner was repeatedly reminded to notify the Court immediately upon any change of address and was informed that a failure to do so could result in a dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). [*See* Doc. Nos. 4 and 12] Despite Petitioner's failure to heed these warnings, the Court declined to adopt the December 30th R & R of the Magistrate Judge because Petitioner claimed to have not received any correspondence from the Court. In light of Petitioner's claim and the strong public policy favoring disposition of cases on their merits, the Court reluctantly referred the Petition for Writ of Habeas Corpus back to Judge Mathis for a Report and Recommendation addressing the merits of the Petition. In declining to adopt the initial Report and Recommendation, the Court

1 warned Petitioner that it is not its responsibility to keep track of his whereabouts and reminded
2 him once again to notify the Court of any changes in address.  Petitioner's latest attempt to
3 blame the Clerk of Court for his alleged failure to receive communications is simply not
4 credible.  Therefore, the Court declines to set aside the May, 12, 2006 Order adopting the
5 Magistrate Judge's Report and Recommendation on the ground of error.

6 B. Attorney Negligence

7       The Court also finds that Petitioner's attorney negligence claim does not justify relief
8 from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.  Petitioner raised
9 this claim in state court at both the trial and appellate level and it was denied both times.
10 Petitioner renewed this claim in his federal habeas petition, but he was once again rejected
11 because he had not exhausted state remedies by presenting this claim to the Arizona Supreme
12 Court.  Therefore, the Court finds no reason to justify setting aside the judgment and will reject
13 Plaintiff's motion.

**IV. CONCLUSION**

15 Accordingly, for the reasons set forth above,

16 **IT IS ORDERED** that Petitioner's Motion for Relief from Judgment [Doc. No. 25]
17 is **DENIED.**

18 DATED this 15th day of May, 2007.

Stephen M. McNamee
United States District Judge