**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Louis Alfonso Melendez, | ) | No. CV-05-0891-PHX-SMM |
| Petitioner, | ) | |
| vs. | ) | **MEMORANDUM OF DECISION AND ORDER** |
| Warden Greg Fizer, | ) | |
| Respondent. | ) | |

Pending before the Court is Petitioner Louis Melendez's ("Petitioner") Motion for Rule 60(b) Relief as well as his Motion for Appointment of Counsel (Docs. 36, 37.) The Court makes the following ruling.

## BACKGROUND

In June 1992, Petitioner was charged by the state of Arizona with child abuse and first-degree murder. In 1994, he was convicted by a jury on both charges, but his convictions were reversed on appeal. On retrial, Petitioner was again found guilty by a jury. Petitioner then received life imprisonment with parole eligibility and consecutive twelve-year prison terms for child abuse. The Arizona Court of Appeals affirmed the convictions but modified the sentences for child abuse to run concurrently. Counsel during the second trial and appeal was attorney Michael Bernays.

Petitioner then filed a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32.1 in the trial court. Counsel for Petitioner raised claims of ineffective assistance of trial counsel as well as appellate counsel. The trial court denied both issues on the merits and the

Arizona Court of Appeals denied the petition for review without comment. Counsel during the post-conviction relief proceedings was attorney Robert Arentz.

Petitioner then filed a federal habeas corpus petition raising the same grounds presented to the Arizona Court of Appeals. This Court adopted the Report and Recommendation (Doc. 19) filed by Magistrate Judge Virginia Mathis, which recommended denying Petitioner's habeas corpus petition because he had failed to properly exhaust his state court remedies pursuant to Swoopes v. Sublett, 196 F.3d 1008 (9th Cir. 1999). Petitioner then filed a motion for Rule 60(b) relief (Doc. 25), similar to his currently pending motion, which this Court denied because Petitioner had not properly exhausted state remedies and could not establish cause to excuse his procedural default.

Now, Petitioner, hoping to rely on newly decided case law, has filed yet another Rule 60(b) motion for relief. In support of the motion, he states that in the intervening years since this Court's judgment of 2007, he was abandoned by his attorney, Lori Smith, from the Foundation for Innocence LLC located in Hawaii, whom he "retained" for his federal habeas corpus petition. (Doc. 37 at 5.) Further, Petitioner asks the Court to appoint counsel. (Doc. 36.)

**STANDARD OF REVIEW**

**I. Exhaustion and Procedural Default of Claims**

A federal court has authority to review a federal constitutional claim presented by a state prisoner if available state remedies have been exhausted. Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). Claims presented in habeas petitions are considered exhausted if they have been ruled upon by the Arizona Court of Appeals, unless the sentence received is life imprisonment, which requires an Arizona Supreme Court ruling. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). Failure to make a claim in compliance with state procedures is generally characterized as "procedural default." In instances where a petitioner procedurally defaults, he or she may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. Reed v. Ross, 468 U.S. 1, 11 (1984); Wainwright

1  v. Sykes, 433 U.S. 72, 90-91 (1977).

## II. Rule 60(b) Reconsideration

Rule 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(1)-(b)(6). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). A Rule 60(b) motion must be brought within a "reasonable" time, which cannot be more that one year if the motion is based on mistake, newly-discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b).

## III. Appointment of Counsel

There is no constitutional right to appointment of counsel in a civil case. Johnson v. U.S. Dep't of Treasury, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of petitioner to articulate his claims in view of their complexity. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

## DISCUSSION

Petitioner cites an intervening change of controlling law, specifically under Martinez v. Ryan, 132 S. Ct. 1309 (2012) and Maples v. Thomas, 132 S. Ct. 912 (2012), as grounds for his Motion for Relief from this Court's judgment (Docs. 21 and 27) regarding his

- 3 -

procedurally defaulted ineffective assistance of counsel claims. The Petitioner's delay in filing the Rule 60(b) Motion for Relief is excused; the Court recognizes and appreciates that Petitioner is a pro se litigant and that the changes to controlling law are relatively recent.

**I. Martinez v. Ryan**

Martinez, a recent case decided in 2012, highlights a narrow circumstance that may establish sufficient cause for excusing a petitioner's claim that has been procedurally defaulted. It states that "[i]nadequate assistance of counsel at [post-conviction relief] proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 132 S.Ct. at 1315. A petitioner only falls under this exception if he is able to show that his counsel at the very first post-conviction relief was ineffective. Id. at 1318.

Petitioner's claims, however, do not meet the standard set out in Martinez. There is no indication that Petitioner's attorney at his initial post-conviction relief proceedings, Robert Arentz, was ineffective by failing to sufficiently represent Petitioner in an acceptable manner. Rather, the record shows that PCR counsel Arentz properly raised claims of ineffective assistance of trial counsel which were denied by the trial court. Therefore, the Court will deny Petitioner's motion for relief as to his argument under Martinez.

**II. Maples v. Thomas**

The Court in Maples, also created another narrow circumstance wherein a Petitioner's procedurally defaulted claim may be excused. The Court held that "a [petitioner] cannot be charged with the acts or omissions of an attorney who has abandoned him" during state level proceedings. Maples, 132 S.Ct. at 924. Thus, abandonment by counsel, which results in a procedurally defaulted claim, may provide sufficient justification for excusing the procedural default and allowing federal habeas review.

Here, Petitioner does not present any evidence by which this Court may conclude that he was abandoned by his attorneys, Michael Bernays or Robert Arentz, while his case was pending at the state level. Furthermore, Petitioner argues that this Court's Order from May 16, 2007 (Doc. 27) should be set aside because he was abandoned by his attorney from

Hawaii, Lori Smith, who represented him during federal habeas proceedings. This argument fails, however, for two significant reasons. First, and most importantly, <u>Maples</u> does not apply to abandonment by an attorney during federal habeas proceedings[1]. And second, even if <u>Maples</u> applied to federal habeas proceedings, Petitioner has not presented sufficient evidence that demonstrates that he was abandoned by his attorney. Therefore, the Court will deny Petitioner's motion for relief from judgment in regards to his argument under <u>Maples</u>.

### III. Appointment of Counsel

In analyzing Petitioner's Motion for Appointment of Counsel (Doc. 36), exceptional circumstances do not exist in this case. Petitioner has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulties litigating the case because of the complexity of the issues involved. Therefore, the Court will deny Petitioner's motion to appoint counsel.

### CONCLUSION

**IT IS HEREBY ORDERED** denying Petitioner's Motion for Rule 60(b) Relief from Judgment (Doc. 37.)

**IT IS FURTHER ORDERED** denying Petitioner's Motion for Counsel. (Doc. 36.)

DATED this 19th day of July, 2013.

Stephen M. McNamee
Senior United States District Judge

---

[1] There also is no constitution right to effective assistance of counsel on discretionary appeals, which include federal habeas review proceedings. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987).

- 5 -